In re SCHLEIMER.

(Supreme Court, Appellate Division, First Department. May 24, 1912.)

ATTORNEY AND CLIENT (§ 42*)—GROUNDS FOR SUSPENSION—MISCONDUCT AS AN OFFICER OF COURT.

Where, in an action to divorce a second wife, the attorney for the plaintiff presented depositions of the plaintiff's children that their stepmother had treated them cruelly after he had, as attorney for the hus-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

band in a proceeding to be relieved from the payment of alimony to his first wife presented the depositions of the same children to the effect that their stepmother treated them well and dwelt harmoniously with her husband, his treatment of the case was a violation of his duty to the court, and was highly censurable.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 54; Dec. Dig. § 42.*]

Disbarment proceedings against Abraham E. Schleimer, an attorney. Respondent censured.

See, also, 138 App. Div. 907, 911, 123 N. Y. Supp. 1140.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

William Rand, Jr., for petitioner.

James W. Osborne, for respondent.

PER CURIAM. The respondent is charged with unprofessional conduct, in that about the 3d day of May, 1909, he, acting as attorney for one Joseph Cohen, made a motion to reduce the alimony which had been allowed to the wife of his client at the time she obtained a divorce from him; that upon that motion he submitted an affidavit made by three of the said Cohen's sons, aged, respectively, 18, 15, and 13 years, these sons being the children of the marriage between said Cohen and his divorced wife, in which each deposed that the said Cohen was an honest and good man and treated his children well; that Cohen's second wife, with whom he was then living, treated these children likewise; that she worked very hard for the children, and treated them with the greatest love and consideration, and that there was no more fighting or quarreling between their father and stepmother; that subsequently the second wife brought an action for a separation against the said Cohen, and on a motion made by the second wife for alimony and counsel fee the respondent submitted to the court on behalf of the said Cohen on July 18, 1909, affidavits of the said children, whereby the children were made to depose that since the said Cohen's marriage to his second wife she had treated them cruelly and made them miserable, and that subsequently, on a motion to punish the said Cohen for contempt for refusing to pay alimony to the first wife, the respondent again submitted to the courts the affidavit of the said Cohen children verified in May, and it is charged that the respondent, when he submitted the affidavit of the children verified on the 18th day of July, well knew that the same children had previously sworn to the affidavit of May 3, 1909. The respondent having submitted his answer, the matter was referred to a referee, who has filed his report upon which, together with the testimony taken before the referee, this proceeding now comes before the court.

The referee has sustained these charges, and, as hereinbefore stated, an examination of the testimony has satisfied us that the referee's conclusions are sustained by the evidence.

Having thus adopted the report of the referee, the court has then

to consider the final action which should be taken. The respondent was an officer of the court whose duty it was to aid in the administration of justice. The proper performance of his duty to his client did not in the slightest degree justify his presenting to the court any fact which he knew or should have known was untrue. He was endeavoring to defend his client against the charges of two women who had been his client's wives, and, in the presentation of these cases, it was the obvious duty of the respondent to be careful in presenting the facts in regard to the relations between his client and the woman who had been his wife and the one who was his wife. In matrimonial disputes the state has a direct interest quite different from that in ordinary litigations which have to do with money or property. By careful provisions of law the state has interposed to prevent judgments in such actions without a consideration of the public interests. The due administration of justice imposes upon the courts the most careful scrutiny in regard to the relations existing between husband and wife, and it is the duty of the court to protect the minor children of the parties to matrimonial actions, whose welfare it is the direct duty of the courts to conserve. This makes a performance of a lawyer's obligation to be extremely accurate and entirely frank in his dealings with the court in relation to such actions one of paramount importance. In violation of this obligation the respondent presented to the Supreme Court in the two proceedings affidavits from the children directly contradictory, in one of which the stepmother was held up as a good wife and mother, caring for and protecting the children, and in the other as neglecting and ill treating them—conduct that the court cannot too strongly condemn and which violated the respondent's duty to the court and the obligation which he assumed when he was admitted as a member of the bar. Practice of this kind cannot be justified, and there is but one consideration which induces us to refrain from discipline, and that is the good character of the respondent, which seems to have impressed the referee.

After a careful consideration of the situation here presented, the court has come to the conclusion in this case the respondent should be severely censured for his conduct.